Court of Criminal Appeals no. WR-______
Trial Court no: 2005 CRN 952 D1(A)
83,424-04

Ex Parte Gabriel Cardona

§

§

§

§

In THE 49th Judicial
District Court
Webb County, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 29 2015

Abel Acosta, Clerk

Noted: May 29, 2015

## APPLICANTS MEMORANDUM IN REPLY TO THE STATES RESPONSE TO THE APPLICATION FOR 11.07 WRIT

Now comes Gabriel Cardona, applicant pro se, and files this Memorandum in reply to the States response to the Application of Writ of Habeas Corpus, and respectfully show the Court as follows:

### I. FACTS

The State filed a response to the Applicants Writ of Habeas Corpus on the 22nd day of May 2015. The Applicant filed his application through certified mail, certified no: 7014-1820-0001-2048-9285, and delivery date being the 30th day of April 2015. Certified mail was delivered to the District Clerk.

The State invokes the Laches protection as a bar to the Application. Although the State cites caselaw in support of its point that the State need not make any particularized showing of prejudice, the State nevertheless states it suffered "prejudice" in its ability to investigate and prepare a defense to the Application." Alternatively, the State prays the Court to require the Applicant to satisfy one of three components to climb over the Laches barrier.

The State further claims that the applicant fails to meet the 11.07 standards with respect to a "factual basis" and facts not being pled to demonstrate "strickland prejudice", that applicants "botched inv's defense does not lessen his culpability."

The State further states that the plea agreement and judgment of conviction "Clearly" set out that the State sentence would run concurrent with any federal sentence.

Lastly, the State introduces an affidavit by Counsel Sasa, Fausto, after being duly sworned and notarized as being true. Counsel states that he thoroughly interviewed witnesses, investigated the facts of the case and advised Applicant accordingly. That the "botched inv." defense was futile and ill advised given the facts of "this case". Counsel acknowledges that a point of negotiation was applicants federal sentence.

### II. Argument

The filing of the States response is untimely. In accordance with Article 11.07 of the Texas Codes of Criminal Procedures, the State has 15 days to file a response. Proof of delivery dates 4/30/15 for Certified mail no: 7014 1820 0001 2048 9285, that is the 30th day of April, 2015. The State's response filing date would therefore expire on or about the 16th day of May 2015.

Laches: The State is not "materially prejudiced" by the delay in filing the 11.07 Application and it is not prejudiced" in its ability to investigate and prepare a defense to the Application: 1) The State is in possession of the offense report. The Laredo Police Department has the entire report as well which investigator Roberto Garcia and Joe Baeza (spokesperson) have been giving to the media like flyers 2) The Federal Government filed a "Travel Act" indictment against codefendants, co-conspirators, and applicant, which is still officially open and involves this case as part of

1 of 3

its racketeering element; 3) The State and Federal Government have been cross engaging their witnesses, codefendants with each other to the benefit of one another; 4) The Federal Government has secured witnesses, evidence and testimony; 5) The State is now with the benefit of more witnesses than it actually had at the time of Applicants trial: Witnesses include Rosalio Reta a co defendant and actual shooter, Raul Jasso not a codefendant but claims to have knowledge of such, Aurora Isabel Del Bosque, Raul Jasso's wife who allegedly picked up the assailants. All who have given testimony in Federal Court and/or made statements to investigators on or around 2012. Certainly, the State is in a more favorable position and is not prejudiced and could have conducted a proper investigation.

Applicant also filed a "REQUEST FOR DUE CREDIBILITY OF CLAIMS" wherein applicant gives a thorough explanation for such delay in filing the Application. Such explanation should satisfy the "justifiable excuse" or "excusable neglect" requisite. (See Applicants "REQUEST FOR DUE CREDIBILITY "... including its attachment of "Exhibits" as proof for such delay.)

Heretofore, the applicant satisfies at least two of the three components the State invokes. Accordingly, the Laches protection should respectfully fail.

"Factual Basis" and "Prejudice":

Applicant styled his petition in the "cumulative error" fashion rather than in the "single error": that is that the cumulative effect of Counsels errors prejudiced him, in that applicant did not (could have not) make a "fully informed" and "conscious choice" i.e. intelligent, knowing, and voluntary admission of guilt. The State raises the claim in its response under the "individual error" or "single error" notion. The U.S. Supreme Court has held that the prejudicial effect of Counsels errors must be considered cumulatively rather than individually. See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1515, 146 L.Ed. 2d 389 (2000). The Court of Criminal Appeals has also recognized and ruled on that concept. See e.g. Ex Parte Welborn, 785 S.W. 2d 391 (Tex.Cr. App. 1990). Applicant styled his petition in that had Counsel done "all the above" and advised applicant accordingly, it is reasonable to conclude that there exists a reasonable probability one would not have plead guilty but proceeded to trial. See e.g. Ferrara v. U.S 456 F.3d 278, 294 (1st Cir. 2006) (a "reasonable probability" is a probability sufficient to undermine confidence in a belief that the [applicant] would have entered a plea). Applicant would also respectfully remind the Court that the U.S. Supreme Court has held that pro se filings should be "construed liberally". The interests or ends of Justice so requires. See e.g. Haines v. Kerner, 404 U.S. 519, 520, 30 L.Ed. 2d 652 (1972) Applicant is not a lawyer, applicant is proceeding pro se, with what he has learned through thorns and thistles but nevertheless makes the best effort to be as precise as possible. Applicant filed an "Affidavit of Facts In General" as well wherein he explains to the Court how he was affected and why he plead guilty. (See "Affidavit of Facts in General). His filings construed liberally or by reading the petition as stated above, in the "cumulative error" concept, establishes that applicant did not make an intelligent, knowing, and voluntary admission of guilt, prejudiced by Counsels errors.

Counsels affidavit:

Counsel Jasso's affidavit is conflicting in several respects. Counsel states he thoroughly interviewed witnesses. Had he interviewed David Martinez, who was the only person according to the Police Report to tie applicant directly to the murder, by stating that a group meeting was held and "all three" presumed assailants stated how the murder happened, Counsel would have learned that David Martinez did not in fact say anything about a group meeting nor that "all three" presumed assailants stated how the murder occurred. But it was Lucio Velez and Rosalio Reta who were speaking about the murder. Secondly, there existed a reasonable probability that David Martinez Cerezo would commit perjury. Which is what he is doing in Federal Court. Thirdly,

Counsel would discover that in fact only David Martinez Cereza would be testifying on behalf of the State. Had Counsel further interviewed Christina Lozano whom was familiar to Counsel, Counsel would have learned that Lozano's statements were nothing more than speculation, answers to leading questions and not personal knowledge. Counsel would have assessed credibility and persuasiveness, that is, if any witness had any. Counsel did not interview witnesses as he claims. The "botched investigations" defense had merit and would not be ill advised. (See Applicants Memo. of Law). Counsel further concedes to all other claims.

The State claims that applicants State sentence would run concurrent with his federal sentence. They are not. Such proposition by the State, unsupported by case law, also constitutes inducement because the State has absolutely no authority over Federal Government. A legal wording that would seem ironclad would be as follows! The State agrees to relinquish custody IF the Federal Government and Court agree to run their sentence concurrent (with the States) Obviously, such proposition will always fail to induce defendants. The big word "if" leads any common sensical person to believe and know that: 1) the State has no authority over Federal Court; and 2) there's risk that Federal Court will not run the sentence (Fed) concurrent. The reality of the situation is that applicant was told that his future federal sentence would run concurrent. Applicant's sentences are not concurrent. The State's point fails. Applicant was not told that the State or Court had no authority over Federal Court. A claim Counsel concedes to.

### III. Adequate Record

Applicant respectfully reminds the Court that an "adequate record is ~~essential~~ imperative to properly evaluate ineffective assistence of Counsel claims". See Mattheney v. Anderson, 253 F.3d at 1040. Caiting U.S. v. Draves, 103 F.3d 1328, 1335 (7th Cir. 1997). And a "petitioner [or applicant] is entitled to an evidentiary hearing... in order that he might be given the opportunity to offer evidence to develop the factual basis of his claim". id. at 1049.

Applicant filed a Motion for Evidentiary Hearing with his application.

### IV. Conclusion

WHEREFORE, PREMISES CONSIDERED, applicant prays that the States response be rejected and for further relief to which applicant may be entitled.

Respectfully submitted: June 2nd 2015
Gabriel Cardona #1444672
All Red Unit
2101 F.M. 369 N.
Iowa Park, TX 76367

### Certificate of Service

A copy of this document was mailed through first class mail on the 2nd day of June 2015 to the District Attorneys Office in Webb County, Laredo, Texas, with address of 1110 Victoria Ste. 401 Zip Code 78040. Recipient being ADA Michael Bukiewicz.

Gabriel Cardona

**BJECT:** *State briefly the problem on which you desire assistance.*

No: _____

I would like to ma~~il~~ a legal package through certified mail, return receipt requested. Could you please come and pick up the package to weigh please. Determine the postage.

ame: Gabriel Cardona                    1444672          Unit: J.4

ving Quarters: HSK-226          Work Assignment: _____

**ISPOSITION:** (Inmate will not write in this space)

$82          Pick up          SD ✓ KC. Logged out 6/3/15
                                        Sent to Post Office 6/5/15

I-60 (Rev. 11-90)

---

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provid

For delivery information visit our website at www.usps.com

OFFICIAL US

| | |
|---|---|
| Postage | $ 2.68 |
| Certified Fee | 3.30 |
| Return Receipt Fee (Endorsement Required) | 2.70 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 8.68 |

Postmark Here

Sent To
Esther Degollado Clerk
Street, Apt. No.; 1110 Victoria st. (Ste. 2
r PO Box No.
ity, State, ZIP+4 Laredo, TX 78042

Form 3800, August 2006          See Reverse for Ins

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Esther Degollado - Clerk
1110 Victoria st. (Ste. 203)
Laredo, TX 78042

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
JUN 0 8 2015

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®          ☐ Priority Mail Express™
☐ Registered               ☐ Return Receipt for Merchandise
☐ Insured Mail             ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)

7013 0600 0000 5186 8427

PS Form 3811, July 2013          Domestic Return Receipt

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

**JUN 29 2015**

**Abel Acosta, Clerk**